**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. MC-12-0112-PHX-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Jolynn M. Snell, | ) | |
| Respondent. | ) | |

The court has before it the government's petition to enforce IRS summons (doc. 1) and motion for order to show cause (doc. 3). Respondent did not respond to either motion.

The government filed this action pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) to judicially enforce an IRS summons issued to respondent. The summons directed respondent to appear before an IRS officer on February 15, 2012 (later extended to February 23, 2012), and to produce for examination certain books, records, and papers related to the collection of tax liability under investigation. Respondent failed to appear or produce the requested documents. To date, respondent has failed to comply with the summons.

To obtain enforcement of a summons, the government has the initial burden of establishing a prima facie case showing that the summons (1) was issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the possession of the IRS; and (4) the required administrative steps have been

1 followed. United States v. Powell, 379 U.S. 48, 57-58, 85 S. Ct. 248, 255 (1964). The
2 government's burden is "slight" and may generally be satisfied by a declaration from the
3 investigating IRS agent. United States v. Richey, 632 F.3d 559, 564 (9th Cir. 2011).

4 Here, the government has satisfied its prima facie burden by providing a sworn
5 declaration by Revenue Officer Dayna McGrady. Officer McGrady avers that the summons
6 was issued as part of an investigation of respondent's tax liability for the calendar year
7 ending December 31, 2008 and for quarterly tax periods in 2000 through 2005. She also
8 avers that she personally served the summons on respondent, that the requested documents
9 are relevant to the investigation, that the information is not already in the IRS's possession,
10 and that the each of the required administrative steps has been followed. Petition to Enforce,
11 ex. A.

12 We conclude that the Powell factors are satisfied and that respondent has made no
13 showing that the summons was issued in bad faith. Therefore, **IT IS ORDERED**
14 **GRANTING** the government's petition to enforce the IRS summons (doc. 1). **IT IS**
15 **FURTHER ORDERED GRANTING** the government's motion for an order to show cause
16 (doc. 3).

17 **IT IS ORDERED** that respondent Jolynn M. Snell appear before the United States
18 District Court for the District of Arizona, in the Sandra Day O'Connor United States
19 Courthouse, located at 401 W. Washington Street, Phoenix, Arizona, 85003, 5th Floor,
20 Courtroom No. 506, on February 7, 2013 at 2:00 p.m., to show cause why she should not be
21 compelled to comply with the IRS summons served on her by Revenue Officer McGrady as
22 set forth in the petition.

23 **IT IS FURTHER ORDERED** that a copy of this Order, together with one copy each
24 of the Petition to Enforce IRS Summons (doc. 1), the Declaration of Revenue Officer
25 McGrady (doc. 1-1), and the Motion for Order to Show Cause (doc. 3) shall be personally
26 served on respondent by an official of the Internal Revenue Service or the United States
27 Marshals Service within 30 days of the date of this Order. Alternatively, the documents may
28 be served on respondent's attorney within 30 days of the date of this Order if her attorney

1 agrees to accept service on respondent's behalf.

2 **IT IS FURTHER ORDERED** that within 14 days of service of copies of this Order 3 and pleadings, respondent shall file with the Clerk of the Court and serve upon the United 4 States Attorney a written response to the petition.  Any defenses to the petition or motion 5 respondent desires to make in opposition to the petition shall be made in this written response 6 and shall be supported by appropriate affidavits.  Within 7 days of service of any written 7 response filed by respondent, the United States may file an optional reply.  Only those issues 8 raised by motion or brought into controversy by respondent's responsive pleading will be 9 considered by the Court, and any uncontested allegations in the petition shall be deemed 10 admitted.

11 DATED this 12th day of December, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge